UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE A. FINKLEY, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT CORP SOLUTIONS, INC., <br><br> Defendant. | Case No. 1:21-cv-04452 |

## COMPLAINT

**NOW COMES** Plaintiff, ROSE A. FINKLEY, by and through her undersigned counsel, complaining of Defendant, CREDIT CORP SOLUTIONS, INC., as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. ROSE A. FINKLEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. CREDIT CORP SOLUTIONS, INC. ("Defendant") is a debt collector and maintains its principal place of business at 63 East 11400 South #408 Sandy, Utah 84070.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1150.

13. At all times relevant, Plaintiff's number ending in 1150 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Prior to the conduct giving rise to this action, Plaintiff obtained a loan for personal use and purposes from Uplift for approximately $3,200.00 ("subject debt").

16. At some point, Defendant obtained the alleged defaulted subject debt for collection.

17. At some point during 2020, Defendant began placing telephone calls to Plaintiff's prior telephone number.

18. Defendant's calls stopped around end of May 2021 as Plaintiff obtained a new cellular telephone number.

19. In June 2021 following Plaintiff's transfer of cellular services and telephone number, Defendant restarted their collection calls to her new telephone number.

20. Additionally, on July 2, 2021, Defendant mailed a collection letter to Plaintiff that stated, "We write to advise that the current balance owning to Credit Corp Solutions, Inc. on the above account as of July 2, 2021 is $1,723.05."

21. Notably, Defendant's letter stated it was delivered from the P.O. Box of 1911 Southgate, MI 48195-0911.

22. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

23. The information regarding the barcodes and PO Box were visible through the window of the envelope.

24. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

25. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

26. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt was disclosed.

27. Furthermore, the barcode belongs to Defendant and or Defendant's third party vendor, and with its placement visible through envelope, it violated Plaintiff's privacy rights.

28. Privacy about one's financial affairs are considered of the upmost importance to people.

29. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

30. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium." (emphasis added).

31. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

32. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

33. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

34. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

35. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

36. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information is great.

37. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

38. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

39. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

40. Even after receiving the collection letter, Plaintiff had not provided her new telephone number at any point to Defendant.

41. On August 5, 2021, Plaintiff answered Defendant's incoming telephone call and requested to be added to their Do Not Call list.

42. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

43. On August 6, 2021, Plaintiff once more answered Defendants incoming telephone call and requested that the calls cease.

44. Plaintiff's request were ignored again and Defendant continued placing harassing collections calls to Plaintiff.

45. Plaintiff was told by Defendant the amount sought for the subject debt totaled $3,200.00 and demanded that the balance be paid in full

46. Finally, for a third time, Plaintiff answered Defendant's incoming phone calls on August 9, 2021.

47. During the August 9, 2021 phone call, Plaintiff asked if the call was being recorded. After Defendant's representative confirmed that the call was recorded, Plaintiff repeated once more that all telephone calls cease.

48. Plaintiff was confused that the amount mentioned in the collection letter differed from the amount that Defendant had demanded she pay while on a previous phone call.

49. Due to the conflicting amounts of the subject debt, Plaintiff disputed the balance Defendant attempted to collect.

50. Furthermore, every time Plaintiff answered an unwanted and unconsented to collection call from Defendant she was met by a lengthy pause and required to say hello numerous times prior to being connected a live representative.

51. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

52. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

53. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

54. Furthermore, the confusing presentation regarding the amount owed impeded Plaintiff's ability to make an educated decision regarding the subject debt.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

57. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

58. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

59. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 3 non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

60. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call on August 5, 2021.

61. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

62. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

63. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

64. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

65. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

66. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, ROSE A. FINKLEY, requests the following relief:

A. A finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff for each such violation;

C. an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff for each such violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

   a. **Violation(s) of 15 U.S.C. §1692c**

48. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

49. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

50. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

51. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

52. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

   **b. Violations of FDCPA §1692d**

53. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

54. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

55. Defendant violated §§ 1692d and d(5) when it placed numerous unwanted and unconsented to collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

56. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

57. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of 15 U.S.C. § 1692e

58. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

59. Section 1692e(2) of the FDCPA prohibits a debt collector from "the false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

60. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

61. Defendant violated 15 U.S.C. §§1692e, e(2) and e(10) when they misrepresented the amount of the subject debt.

62. Specifically, Defendant verbally attempted to collect the $3,200 subject debt, despite the July 2, 2021 letter attempting to collect $1,723.05. This discrepancy was intentional to misled and greatly confused Plaintiff into paying more towards the subject debt than truly owed.

### d. Violation(s) of 15 U.S.C. § 1692f

63. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt.".

64. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

65. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on a debt by using the third party address on the subject envelope sent to Plaintiff.

66. The use of third party address violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

  e. **Violations of 15 U.S.C. § 1692g**

63. Section 1692g(a) provides:

(a) Within **five days after the initial communication** with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

  (1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

64. Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers, including a consumer's right to dispute the validity of a debt.

65. The required disclosures are commonly referred to as the "validation notice."

66. Defendant violated §1692g when they failed to provide Plaintiff with critical information required by the FDCPA.

**WHEREFORE** Plaintiff, ROSE A. FINKLEY, requests that this Honorable Court:

A. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

B. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

C. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

D. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
## Illinois Consumer Fraud and Deceptive Business Practices Act

67. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

69. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

70. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

71. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

### a. Unfairness and Deception

72. It was unfair for Defendant to attempt to collect a debt by placing the above referenced calls to Plaintiff's cellular phone number after she requested that the phone calls cease.

73. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone. However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

74. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

75. Additionally, it was unfair and misleading for Defendant to falsely represent the true value of the subject debt.

76. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

77. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

78. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

WHEREFORE, Plaintiff, ROSE A. FINKLEY, requests the following relief:
A. a finding that Defendant violated the ICFA;
B. an order enjoining Defendant from placing further violating calls to Plaintiff;
C. an award of actual damages in an amount to be determined at trial;
D. an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
E. an award of any further relief that is equitable and just.

Date: August 20, 2021 Respectfully submitted,

**ROSE A. FINKLEY**

By: */s/ Victor T. Metroff, Esq.*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com